SAVOY, Judge.
This case arose out of a construction contract between Roland Construction Company, Inc., Swilling & Boyd, and the City of Alexandria, for the construction of a section of 36" waterline. The section of waterline forming the basis of this suit was part of a larger construction project involving improvements to the water system of the defendant city and was part of an extension of the water system assigned, in part, to supply water to the Pineville Kraft Company.
Work performed under the contract of February, 1968, was accepted by defendant on August 14, 1968. In January of 1969, when a major leak or rupture occurred in the line, Mr. L. G. Wilson, Commissioner of Finance and Public Utilities for defendant, contacted plaintiff about repairing the leak. Plaintiff agreed to do so after being informed that the defendant would pay the costs incurred. The repairs were successfully completed in several days, and the plaintiff tendered a bill to defendant for payment. Defendant refused to pay the bill, based on the opinion of its consulting engineering firm of L. J. Daigre that the repairs were made necessary by the faulty workmanship of plaintiff and/or the use of faulty materials in the original construction of the line. The firm of L. J. Daigre was also used by defendant in the original construction of the line and had furnished the inspector who inspected the work prior to its acceptance.
Upon defendant’s refusal to pay the cost of the repairs, plaintiff filed this suit. Defendant answered denying liability for the repairs and alleging faulty workmanship and/or materials. It later filed a re-conventional demand for the cost of the repairs based on the same allegation. After a trial on the merits, the trial judge entered judgment for plaintiff. From this ruling defendant has appealed contending the trial judge erred in finding that defendant had the burden of proof and had not successfully carried that burden.
The trial judge, in his lengthy reasons for judgment, very clearly set out the issue to be decided in this case as follows: “Was.the plaintiff contractor obligated to make repairs on January 9, 1969, -under the provisions of the contract with the city of February, 1968, and the express and/or implied warranties flowing therefrom ?”
If the repairs of January, 1969, were necessitated by and resulting from faulty workmanship performed or defective materials furnished by plaintiff under its original contract, then the City of Alexandria owes plaintiff nothing. On the other hand, if the leakage and rupture of the line which occurred in January, 1969, was not the result of faulty workmanship performed or defective materials furnished by plaintiff during the course of its performance of the contract of February, 1968, then plaintiff is entitled to recover for the cost of the repairs.
*475 One setting up an affirmative defense has the burden of proving same. In suits dealing with the repairs of defects occurring after the acceptance of the owner of work performed under construction contracts, the contractor has the burden of proving substantial compliance with the contract. However, once substantial compliance with the contract is shown, the burden then falls upon the owner to show that the defects were due to faulty workmanship and/or materials. See Justiss-Mears Oil Co., Inc., v. Pennington, 132 So.2d 700 (La.App. 1 Cir. 1961), and Maloney v. Oak Builders, Inc., 224 So.2d 161 (La.App. 4 Cir. 1969).
A review of the testimony in the case reveals that the defendant accepted the section of the waterline involved after making a test to insure that it met the requirements for leakage over a two-hour period. The engineering firm of L. J. Daigre, consulting engineers for the City of Alexandria, employed an inspector to insure that all of the plans and specifications of the original contract were met in the construction of the line. This inspector testified that he observed the construction of all of the line in the area where the break occurred and furnished L. J. Daigre with daily reports on the construction. The acceptance filed by defendant along with the testimony of the inspector and employees of plaintiff who actually constructed the section of the waterline is sufficient to show substantial compliance. The burden of proof then shifts to defendant to prove faulty workmanship and/or faulty materials.
There is conflicting testimony among the experts as to what actually caused the rupture to occur. Defendant’s experts contended that the break was possibly due to the pipeline being laid with deflection that exceeded the requirements of the contract, or due to the pipe sections in question being improperly joined. Plaintiff’s experts testified that the break could have been caused by a variety of factors, including excessive pressure because of improper operation of the line by defendant and employees of Pineville Kraft Company, which was supplied by the line; improper operations during the testing of other sections of the line; and improper operation of the line due to the failure of certain controls used on the line.
Mr. Robert Sylvester, an engineer with L. J. Daigre, testified he was concerned with the way an employee of Pineville •Kraft was operating the line on several occasions after the contract was accepted, and that if the line continued to be operated in such a manner, a blowout of the line could occur.
Mr. M. W. Wallace, defendant’s operator in charge, testified the line was used for several months without charts which would have reflected any improper operation of the line.
In view of the conflicting nature of the testimony, and the testimony of defendant’s own employees that improper operation of the line could have resulted in the damage to the line, we do not think defendant has sustained the burden of proof placed upon it as to faulty workmanship or the use of defective materials.
Res ipsa loquitur is not applicable here because of the lapse of some five months between the completion of the original contract and the rupture of the line, during which time the contractor was not in control of that line. See Kansas City Fire & Marine Insurance Co. v. Bituminous Casualty Corporation, 209 So.2d 785 (La.App. 4 Cir. 1968), and Smith v. Sears, Roebuck & Company, 209 So.2d 789 (La.App. 4 Cir. 1968).
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.